19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James K. CAMPBELL, Petitioner-Appellant,
v.
NORTHPOINT TRAINING CENTER, Dewey Sowders, Warden,
Respondents-Appellees.
 No. 93-6268.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 James K. Campbell, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1982, Campbell pleaded guilty to third degree burglary for which he received a one year sentence. He did not appeal his conviction. In 1986, Campbell was convicted of third degree burglary, of theft by unlawful taking, and for being a first degree persistent felony offender. At the time of the 1986 conviction, Campbell did not challenge his 1982 guilty plea.
 
 
 3
 In 1990, Campbell filed a motion to vacate the 1982 guilty plea under Ky.R.Civ.P. 60.02(e) and Ky.R.Crim.P. 11.42 contending that his plea was not knowingly and voluntarily entered and that his attorney was ineffective. After a hearing, the trial court denied the motion. On appeal, the Kentucky Court of Appeals concluded that Campbell was barred from challenging his conviction under Ky.R.Civ.P. 60.02(e) because this rule could not serve as a substitute for Ky.R.Crim.P. 11.42 relief. Furthermore, the court of appeals held that Campbell was procedurally barred from seeking Ky.R.Crim.P. 11.42 relief because he had not contested the 1982 conviction at the time of his trial on the persistent felony offender charge. Campbell v. Commonwealth, No. 90-CA-001262-MR, slip op. (Ky.Ct.App. Apr. 17, 1992). The Kentucky Supreme Court denied discretionary review. Campbell v. Commonwealth, No. 92-SC-608, slip op. (Ky. Oct. 14, 1992).
 
 
 4
 In his habeas petition, Campbell argued that: 1) the Kentucky Court of Appeals erred when it concluded that no challenge to the 1982 guilty plea was made at the time of the persistent felony offender trial; 2) the Kentucky Court of Appeals erred when it found that he could not raise an issue under Ky.R.Civ.P. 60.02 which could have been presented under Ky.R.Crim.P. 11.42; 3) the Kentucky Court of Appeals erred by refusing to address the merits of his appeal; and 4) the 1982 guilty plea was not knowingly and intelligently entered. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as without merit.
 
 
 5
 In his timely appeal, Campbell contends that: 1) the guilty plea was not knowingly and voluntarily entered; 2) he was denied his right to reply to respondents' motion to dismiss; and 3) the decision of Parke v. Raley, 113 S.Ct. 517 (1992), should not have been applied to his case. He requests oral argument, a certificate of probable cause, and leave to proceed in forma pauperis.
 
 
 6
 Upon review, we conclude that Campbell has failed to establish a cognizable claim under 28 U.S.C. Sec. 2254. Although the district court properly dismissed Campbell's petition, we affirm the district court's order for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 7
 Initially, we note that Campbell has not presented his arguments that: 1) the Kentucky Court of Appeals erred when it concluded that no challenge to the 1982 guilty plea was made during the persistent felony offender trial; 2) the Kentucky Court of Appeals erred when it found that he could not raise an issue under Ky.R.Civ.P. 60.02 which could have been presented under Ky.R.Crim.P. 11.42; and 3) the Kentucky Court of Appeals erred by refusing to address the merits of his appeal. Because these issues have not been raised on appeal, they are considered abandoned and not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 The Kentucky Court of Appeals found that Campbell was procedurally barred from challenging his 1982 guilty plea because such a challenge was not raised during his 1986 trial on his persistent felony offender charge. In light of Campbell's procedural default, a federal habeas corpus court cannot address the merits of the claim unless Campbell establishes cause and prejudice to excuse the procedural default. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). The cause and prejudice requirement may, however, be excused when a constitutional violation has resulted in the conviction of one who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Campbell has not established cause and prejudice to excuse his procedural default, nor has he made a colorful showing of innocence to excuse the cause and prejudice requirement. We also conclude that Campbell's remaining arguments are meritless.
 
 
 9
 Accordingly, we deny the requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.